**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GEORGE and SUNNY EWANCHEW,
husband and wife,

       Plaintiffs,

v.                                             CASE NO. 3:07-cv-403-J-33HTS

BEKINS VAN LINES, LLC, a
foreign corporation, and
AMERICAN SAFETY MOVERS, INC.,
a Florida corporation,

       Defendants.
_____

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiffs' Motion for Attorney's Fees (Doc. #31; Motion), which has been referred to the undersigned for issuance of a report and recommendation. *See* Order (Doc. #33). Defendant, Bekins Van Lines, LLC (hereinafter Bekins or Defendant) has now responded to the Motion. *See* Bekins Van Lines, LLC.'s Response to Plaintiffs' Motion for Attorney Fees (Doc. #34; Response).

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

According to the Motion, counsel for both parties "have stipulated to bifurcating the issues to have the Court initially resolve the question of Plaintiffs' entitlement to attorney's fees[.]"  Motion at 2.  Thereafter, "[i]f the Court resolves such threshold issue in favor of Plaintiffs, then the parties have agreed to submit additional documentation to the Court to permit a determination of a reasonable attorney's fee."  *Id.*

Movants instituted this action against Bekins alleging "damage to household goods during interstate movement pursuant to 49 U.S.C. §14706."  Amended Complaint for Damages (Doc. #20; Complaint) ¶ 23.[2]  The Complaint also avers the Ewanchews "are entitled to recover their attorney's fees from Bekins pursuant to 49 U.S.C. §14708(d)."  *Id.* ¶ 27 (capitalization omitted).  In the Motion, Plaintiffs reaffirm their position that this statutory provision constitutes the sole authority on which they base their request for legal fees.  *See* Motion at 5-9.  They argue "the plain language of the statute allows a shipper [Plaintiffs] to recover attorney's fees if the shipper timely submits a claim for loss of their household items, prevails in a court action to resolve the dispute and has no arbitration decision rendered in the dispute."  *Id.* at 5-6 (brackets in original).  "Further," it is asserted, "Plaintiffs are entitled to recover their attorney's fees because Bekins did

---

[2]  As to the other Defendant, American Safety Movers, Inc., breach of contract was claimed.  *See id.* at 6-7.  However, it is represented that, "[a]t mediation, all of Plaintiffs' claims against [this Defendant] were resolved."  Motion at 2.

not notify Plaintiffs of the possibility that their claim could be resolved by arbitration." *Id.* at 6.

Defendant agrees that, in appropriate cases, "[a] carrier who fails to provide the required notice of its arbitration program may be liable to a shipper for attorney's fees." Response at 6. Still, it contends the Motion should be denied because "the Plaintiffs failed to submit their claim within the time limits prescribed by 49 U.S.C.A. §14708[,]" and also because "Plaintiffs knew of their right to arbitration but instead chose to proceed with a civil suit." *Id.* at 9.

Pursuant to 49 U.S.C. § 14708(d), reasonable attorney's fees are to be awarded if

> (1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
>
> (2) the shipper prevails in such court action; and
>
> (3)(A) the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute;
>
> (B) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
>
> (C) the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.

(emphasis omitted).

The first prerequisite to entitlement to fees, then, is the timely submission of a claim. Indeed, the Ewanchews acknowledge "the plain language of the statute" permits recovery of "attorney's fees *if* the shipper timely submits a claim for loss of their household items[.]" Motion at 5 (emphasis added); *cf. Yakubu v. Atlas Van Lines*, 351 F. Supp. 2d 482, 490 (W.D. Va. 2004) ("Attorney fees may be awarded to the shipper only if" a timely claim is submitted as defined by § 14708(d).). According to the stipulated facts, under the original schedule the shipment was to occur "in June 2005." Motion at 3; Response at 2. Most of the "household goods needed to be placed into storage. The remaining household goods would be delivered to a rental house in Palm Coast, Florida." Motion at 3; Response at 2. However, because "the actual size and weight of the household items were much larger than anticipated[,]" a second trip was necessary. Motion at 3; Response at 2. The delivery to the rental house occurred "on July 7, 2005[,]" Motion at 4; Response at 3, and as it was during this shipment that damage allegedly took place, Motion at 4; Response at 3, it initially would appear this date is controlling. Calculating 120 days forward from July 7, 2005, yields a deadline of November 4, 2005, for submission of a claim to the carrier that would preserve entitlement to fees under 49 U.S.C. § 14708(d)(1).

Although "[s]hortly after the goods were delivered[,] Mr. Ewanchew went to the [American Safety Movers, Inc. (ASM)] warehouse

- 4 -

[and] spoke to . . . an ASM employee[,]" he admits "she informed him . . . that he could file a claim[,]" at least after the remaining goods "had been delivered to his house." Motion at 4; Response at 4. These remaining items "were delivered . . . on or about March 29, 2006." Motion at 4; Response at 4. Hence, even if this later date is used as the trigger of the 120-day period, the actual submission of Plaintiffs' claim, which occurred "on December 21, 2006[,]" Motion at 4; Response at 4-5, was clearly untimely.

Plaintiffs assert "a shipper has nine (9) months to submit a claim to the carrier for lost or damaged items." Motion at 6 (citing 49 U.S.C. § 14706(e) and 49 C.F.R. § 370.3(c)). Yet they fail to explain how they have complied with the timeliness requirement contained in the specific statutory provision addressed to attorney's fees—and pursuant to which they are moving. Instead, they merely say they "were never told that a claim had to be filed within 120 days as a prerequisite to seek attorney's fees." *Id.* at 7; *see also id.* at 9. Movants do not cite, and the Court has not uncovered, authority establishing the statutory 120-day deadline applies only where a shipper is informed of it. *Cf.* Response at 7 ("Plaintiffs failed to cite to any authority which indicated that Bekins had a legal obligation to inform them of the statutory mandated time requirements contained within §14708."); *Allen v. Baldwin County Comm'n*, Civil Action No. 06-0432-WS-B, 2007 WL 1875944, at *2 (S.D. Ala. June 28, 2007) (ignorance of deadline not

a valid excuse). Nor would lack of notice as to the potential for arbitration relieve them of the timeliness requirement. Having "missed the 120 day deadline[,]" Plaintiffs as a matter of law "do not have a claim for attorneys' fees[.]" *Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1109 (D. Nev. 2003).

In accordance with the foregoing, it is hereby **RECOMMENDED** that the Motion (Doc. #31) be **DENIED**.

**ENTERED** at Jacksonville, Florida, this 17th day of July, 2008.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Virginia M. Hernandez Covington
United States District Judge

Counsel of Record and
    pro se parties, if any